[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14176

_____

D.C. Docket No. 5:11-cv-01511-IPJ

KEITH KARLSON,

Plaintiff-
Counter Defendant-
Appellant,

versus

RED DOOR HOMES, LLC,
SMA OPERATIONS MANAGEMENT, LLC,
RDH ADVISING, LLC,

Defendants-
Counter Claimants-
Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 22, 2014)

Before HILL and COX, Circuit Judges, and MIDDLEBROOKS,[*] District Judge.

PER CURIAM:

_____
[*]Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida, sitting by designation.

The Plaintiff, Keith Karlson, challenges on appeal the district court's grant of summary judgment in favor of the Defendants. We conclude that the district court granted summary judgment on a ground the court raised *sua sponte*—a ground the Defendants had not argued—without adequate notice to the Defendants enabling them to respond. This was error. *See Imaging Bus. Machines, LLC v. BancTec, Inc.*, 459 F.3d 1186, 1191 (11th Cir. 2006).

## I.  FACTUAL BACKGROUND

Keith Karlson, an artist, prepares drawings of finished homes from blueprint plans in order to show how those homes will look once built. The Defendants license custom-home blueprint plans to third parties who then use those plans to build finished homes. Seeing a need, the Defendants commissioned Karlson to create illustrations of finished homes from their stock of various blueprint plans. Karlson obliged and invoiced Defendants for his work. He included in his invoices a copyright notice stating: "I transfer to you a limited copyright to reproduce the artwork I have produced for you in unlimited quantities on any media you choose, royalty-free, but only for use directly by you and [the artwork] may not be transferred to another business entity without my expressed permission." (Doc. 39-4 at 2).

Despite this limitation, Defendants licensed Karlson's illustrations to third parties without Karlson's knowledge or permission. After learning of the

2

Defendants' actions, Karlson filed an application for copyright on his illustrations and demanded that the Defendants compensate him for his illustrations they had licensed to third parties. Defendants refused to compensate Karlson and continued licensing his illustrations.

## II.  PROCEDURAL POSTURE

After Defendants' refusal to compensate him, Karlson filed suit against the Defendants for copyright infringement. Defendants filed a response and subsequently moved for summary judgment on four grounds. The district court *sua sponte* granted summary judgment in favor of the Defendants on the ground that Karlson granted Defendants an implied non-exclusive license to use his images. But Defendants had not argued that Karlson had granted them an implied non-exclusive license to use his images. Karlson filed a motion to alter or amend the judgment, and the district court denied it. Karlson appeals.

## III.  DISCUSSION

We review a district court's grant of summary judgment de novo. *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). Under Federal Rule of Civil Procedure 56(f), a court may "grant the [summary judgment] motion on grounds not raised by a party," but only "[a]fter giving [the parties] notice and a reasonable time to respond." Fed. R. Civ. P. 56(f); *see also Byars v. Coca-Cola Co.*, 517 F.3d 1256, 1264–65 (11th Cir. 2008) (stating that "[a]lthough a court may *sua sponte*

3

grant summary judgment on a claim not presented in a summary judgment motion, the court is required to give notice to the parties that it intends to address the claim on summary judgment").

Karlson argues on appeal that the district court committed reversible error by granting summary judgment in favor of the Defendants.  (Appellant's Br. at 5). The Defendants disagree, arguing: (1) The district court did not *sua sponte* grant summary judgment against Karlson's claims, but even if it had, doing so was not erroneous. (Appellees' Br. at 12).  (2) The district court correctly granted summary judgment on the merits because the evidence showed that Karlson intended the Defendants use and distribute the rendering. (Appellees' Br. at 21).  (3) The district court properly granted summary judgment in favor of the Defendants because of Karlson's fraud on the copyright office and the "first sale doctrine." (Appellees' Br. at 28).  We need only address the Defendants' first argument.

It is clear that the district court granted summary judgment *sua sponte* on the implied-license ground. Neither party denies that the district court failed to provide adequate notice to the parties that it intended to address the implied-license question when deciding whether to grant summary judgment.  Instead, Defendants argue that the district court did not need to provide formal notice that it was considering the implied-license issue because the issue was fully developed and the evidentiary record was complete.  (Appellee's Br. at 15–16).

Defendants misunderstand our binding precedent. We have always required a district court to provide some minimum notice to the parties under circumstances like this. *BancTec*, 459 F.3d at 1191. And here, the district court provided *no* notice to the parties. In those rare instances where we excused the district court from providing formal notice to the parties, something in the record placed the parties on notice that the district court could consider the issue when deciding whether to grant summary judgment. *See,* e.g., *Artistic Entm't, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1201–02 (11th Cir. 2003) (order requiring parties to brief argument in question sufficed for notice); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1204–05 (11th Cir. 1999) (prior summary judgment motion on the same issue sufficed for notice). Here, nothing in the record placed the parties on notice that the district court would consider the implied-license issue when deciding whether to grant summary judgment.

## IV. CONCLUSION

Accordingly, we **VACATE** the district court's grant of summary judgment and **REMAND** the case to the district court for further proceedings consistent with this opinion.

**VACATED** and **REMANDED.**